**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22738-ALTMAN**

**GOVERNMENT EMPLOYEES INSURANCE CO.**,

     *Plaintiffs*,

*v.*

**DG ESTHETIC AND THERAPY CENTER, INC.**,

     *Defendants.*

                              /

## <u>OMNIBUS ORDER</u>

This case transferred to our docket on May 27, 2027. *See* Judge Becerra Order of Recusal [ECF No. 21]. That same day, we issued our Multiple Defendants Order [ECF No. 22]. Among other things, that order provides that "[t]he time for each Defendant to answer or respond by motion to the complaint begins to run once all Defendants have *either* been served *or* waived service," *id.* at 1, and that "[a]ll Defendants must *jointly* file any *motions*[.]" *Id.* at 2; *see also id.* at 3 (allowing a Defendant to "move for leave to file separate motions or responses" if there are "conflicts of position between any Defendants"). Those instructions leave us with three housekeeping items. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]his Court has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (quotation marks omitted)).

*First*, our review of the record reveals that the Plaintiffs haven't filed proofs of service as to two of the eleven Defendants—namely, OMC Rehab Center LLC ("OMC") and Lauren Scott McCarver. *See* Executed Summons [ECF Nos. 6, 15]. The Plaintiffs filed their Complaint [ECF No. 1] on April 21, 2026, which means they have until **July 21, 2026**, to effectuate service of process on the Defendants. *See* FED. R. CIV. P. 4(m); Multiple Defendants Order ("The Plaintiff in this case must

file proof of service as to each Defendant within seven days of perfecting service on that Defendant. If the Plaintiff untimely files proof of service as to any Defendant, the Court may strike the proof of service and require the Plaintiff to re-serve that Defendant.").

We notice that OMC filed a Motion for Extension of Time to Respond to the Complaint [ECF No. 16], explaining that, although OMC "does not have a record of having been served in this action, Plaintiffs' counsel confirmed that they also obtained service of process on OMC Rehab Center LLC on May 2, 2026." *Id.* at 1. To the extent that the Plaintiffs have *already* effectuated service on OMC, or that OMC waived service, we invite the Plaintiffs to file proof of those events on the Docket. In the meantime, however, the Plaintiffs have until **July 21, 2026**, to file proofs of service as to OMC and McCarver.

*Second*, given all that, the clock for the Defendants to respond to the Complaint hasn't begun. So, we **STRIKE** the Clerk's Entry of Default as to Defendant DG Esthetic and Therapy Center, Inc. [ECF No. 20] and as to Defendant Dania Lima [ECF No. 24].

*Third*, we **STRIKE** the Motion for Judgment on the Pleadings [ECF No. 26], filed by Defendant Carlos Mesa, since "[a]ll Defendants must *jointly* file any *motions*[.]" Multiple Defendants Order at 2.

**DONE AND ORDERED** in the Southern District of Florida on June 4, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2